J-S12016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ENRIQUE HERNANDEZ | |
| Appellant | No. 1314 MDA 2016 |

Appeal from the Judgment of Sentence June 26, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001097-2013

BEFORE: PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.: **FILED APRIL 27, 2017**

Enrique Hernandez appeals from the judgment of sentence imposed on June 27, 2016, in the Court of Common Pleas of Lancaster County, following revocation of his sentence of State Intermediate Punishment (SIP).[1] Hernandez had pled guilty to three counts of delivery of a controlled substance (heroin), and one count each of possession with intent to deliver a controlled substance (heroin) and criminal use of a communication facility.[2] He received an aggregate sentence of four to nine years' incarceration followed by two years of probation. Counsel has filed an **Anders**[3] brief,

_____

[1] Hernandez's original sentence was two years of SIP followed by three years of probation.

[2] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S. § 7512(a), respectively.

[3] **Anders v. California**, 386 U.S. 738 (1967).

asserting all issues are frivolous.[4]   Concurrent with the **Anders** brief, counsel has also filed a motion to withdraw as counsel.    In this timely appeal, Hernandez raises one issue: he seeks credit for the correct amount of time served to his sentence.   After a thorough review of Hernandez's appellant's brief,[5] relevant law, and the certified record, we grant counsel's motion to withdraw and affirm the judgment of sentence.

As stated above, Hernandez pled guilty to a variety of drug charges and was initially sentenced to a term of SIP, a portion of which included drug rehabilitation/treatment.   However, Hernandez failed to complete that sentence and was expelled from the program.[6]

Subsequently, on June 27, 2016, Hernandez was sentenced to a term of four to nine years' incarceration, followed by two years of probation. Although the trial judge instructed that Hernandez be credited with a certain amount of time served, Hernandez believed he was not credited with all the time to which he was entitled.   Accordingly, on July 26, 2016, Hernandez filed a pro se notice of appeal.   Following an October 2, 2016, **Grazier**[7]

---

[4] In addition, counsel has identified two possible issues of ineffective assistance of trial counsel, and another issue regarding RRRI eligibility.  We will briefly discuss the last issue in the decision.

[5] The Commonwealth did not submit a brief.

[6] The certified record before us is silent as to why Hernandez was expelled from the SIP program.

[7] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

hearing, counsel was appointed. On October 25, 2016, counsel filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, claiming the trial court had insufficiently specified the time credit dates. Independently, the Department of Corrections discovered the error and corrected it.

Subsequently, counsel filed a petition to correct the record and a request to file a statement of intent to file an **Anders** brief. The trial court issued an order directing the record reflect the time issue had been corrected. Counsel then filed the statement of intent to file an **Anders** brief. In this court, counsel has filed an **Anders** brief, indicating the time credit issue had been resolved, and mentioning other possible issues.

We are guided by the following principles:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof....
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the

judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted). Our Supreme Court has clarified portions of the ***Anders*** procedure:

[I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

[***Commonwealth v.***] ***Santiago***, 978 A.2d [349] at 361 [(Pa. 2009)].

***Commonwealth v. Tukhi***, 149 A.3d 881, 885-86 (Pa. Super. 2016).

Our review of counsel's petition leads us to conclude that counsel has complied with the technical requirements recited above. Our independent review of the record leads to the conclusion that the appeal is wholly frivolous.

Initially, Hernandez's sole concern was to obtain full credit for time served against his sentence. The certified record confirms the record has been corrected and Hernandez has been appropriately credited with time served. Because the issue has been resolved, this aspect of the appeal is indeed wholly frivolous.

In addition to the one issue Hernandez wanted addressed, counsel also addressed Hernandez's RRRI[8] ineligibility. Counsel appropriately noted that Hernandez was convicted in New York, in 1985, of assault with intent to cause serious injury, thereby disqualifying Hernandez from the RRRI program. **See** 61 Pa.C.S. § 4503 Definitions (Eligible Offender). Accordingly, any challenge to RRRI ineligibility would be wholly frivolous.

Finally, counsel reported that any challenge to Hernandez's removal from the SIP program, or challenge to the discretionary aspects of his sentence were waived by the failure to raise a timely objection or to file a post-sentence motion. Accordingly, any such claim can only be raised through the Post Conviction Relief Act.[9]

Because the certified record amply supports counsel's assertion that all issues are wholly frivolous, Hernandez is not entitled to any additional relief.

Motion to withdraw as counsel is granted. Judgment of sentence affirmed.

---

[8] Recidivism Risk Reduction Incentive, 61 Pa.C.S. § 4501, *et seq*.

[9] We note that counsel does not suggest any actual problems in either of these areas. Rather he simply noted two issues that are often raised on appeal, and why they cannot be raised instantly.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/27/2017