J-S65025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| AMADU BARRY | : | |
| | : | |
| Appellant | : | No. 798 EDA 2017 |

Appeal from the Judgment of Sentence February 8, 2017
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001096-2014

BEFORE: OLSON, J., OTT, J., and MUSMANNO, J.

JUDGMENT ORDER BY OTT, J.:               **FILED JANUARY 11, 2018**

Amadu Barry appeals from the judgment of sentence imposed February 8, 2017, in the Chester County Court of Common Pleas, upon the revocation of his parole. The trial court sentenced Barry to a term of 12 months and 29 days' imprisonment, the balance of his sentence previously imposed on September 10, 2014, following his guilty plea to four counts of access device fraud.[1] Contemporaneous with this appeal, Barry's counsel has filed a petition to withdraw from representation and an **Anders** brief. **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981). For the reasons below, we vacate Barry's parole revocation sentence, deny counsel's petition to withdraw, and remand for further proceedings.

_____

[1] **See** 18 Pa.C.S. § 4106(a)(3).

The relevant factual and procedural history underlying this appeal are aptly summarized in the trial court opinion, and we need not reiterate them herein. *See* Trial Court Opinion, 3/29/2017, at 1-3. Pertinent to our disposition, however, we note that Barry appeared, *pro se*, *via* telephone, for his February 8, 2017, revocation hearing and sentencing.

Pennsylvania Rule of Criminal Procedure 708 provides that a trial court may not revoke a defendant's parole, unless there has been: "(1) a hearing held as speedily as possible at which the defendant is present **and represented by counsel**; and (2) a finding of record that the defendant violated a condition of … parole." Pa.R.Crim.P. 708(B)(1)-(2) (emphasis supplied). Our review of the record reveals Barry was unrepresented at his revocation hearing, and there is no indication in the record that Barry requested to proceed *pro se* or waived his right to counsel. *See*, *generally*, N.T., 2/8/2017, at 1-10.

In fact, after Barry filed a *pro se* notice of appeal, this Court issued a *per curium* order, directing the trial court to conduct a ***Grazier***[2] hearing to determine if Barry wanted to proceed *pro se*. ***See Order***, 4/24/2017. The order specifically noted it appeared from the docket that Barry was unrepresented at his revocation hearing. ***See id.*** Thereafter, the trial court complied with our directive, and following a ***Grazier*** hearing, appointed

_____

[2] ***See Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

present counsel to represent Barry on appeal. Counsel then filed an **Anders** brief and petition to withdraw.

Our review of the record reveals that although counsel substantially complied with the requirements of **Anders** and its progeny,[3] we are, nevertheless, constrained to deny counsel's petition to withdraw because Barry's appeal is not wholly frivolous. **See Commonwealth v. Tukhi**, 149 A.3d 881, 889 (Pa. Super. 2016) (denying counsel's petition to withdraw when "independent review of the record reveals a potentially non-frivolous issue not raised by counsel"). Barry was entitled to the assistance of counsel to represent him at the February 8, 2017, revocation hearing. Pa.R.Crim.P. 708(B)(1). Neither the trial court, nor newly appointed counsel, address this claim on appeal. Accordingly, we are compelled to vacate the judgment of sentence imposed on February 8, 2017, deny counsel's petition to withdraw, and remand for further proceedings.

Judgment of sentence vacated. Petition to withdraw as counsel denied. Case remanded for further proceedings. Jurisdiction relinquished.

---

[3] **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*).

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/18