J-S65009-18
J-S65010-18
J-S65011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MALLORY ANN MANZER | : | |
| | : | |
| Appellant | : | No. 380 MDA 2018 |

Appeal from the Judgment of Sentence January 30, 2018
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000712-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MALLORY ANN MANZER | : | |
| | : | |
| Appellant | : | No. 381 MDA 2018 |

Appeal from the Judgment of Sentence January 30, 2018
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000800-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MALLORY ANN MANZER | : | |
| | : | |
| Appellant | : | No. 382 MDA 2018 |

Appeal from the Judgment of Sentence January 30, 2018

J-S65009-18
J-S65010-18
J-S65011-18

In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000135-2015

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED DECEMBER 14, 2018**

Appellant, Mallory Ann Manzer, appeals from the judgments of sentence entered following the revocation of State Intermediate Punishment at three separate docket numbers.  The underlying convictions are as follows: theft by unlawful taking (CP-08-CR-0000712-2015); possession of a controlled substance (CP-08-CR-0000800-2015); and possession of drug paraphernalia (CP-08-CR-0000135-2015).[1]  Appellant filed separate appeals at each of the aforementioned docket numbers.  Because these three cases are interrelated and the same question is involved at each appeal, we consolidate these matters *sua sponte* pursuant to Pa.R.A.P. 513.

Additionally, in each appeal, appellate counsel has filed a petition to withdraw his representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal.  After review, we grant counsel's petitions to withdraw and affirm the judgments of sentence.

---

[1] 18 Pa.C.S. § 3921(a), 35 P.S. § 780-113(a)(16), and 35 P.S. § 780-113(a)(32), respectively.

- 2 -

The trial court summarized the facts of these cases as follows:

> Appellant pled guilty on November 12, 2015 to [theft by unlawful taking, possession of a controlled substance, and possession of drug paraphernalia]. She was sentenced to … State Intermediate Punishment on April 1, 2016 for a period of twenty-four (24) months. Thereafter the [c]ourt was notified by the Department of Corrections by letter of December 12, 2017 that Appellant was expelled from said program. See Order of December 13, 2017. Appellant was resentenced on January 30, 2018 to sixteen (16) months to forty-eight (48) months for Theft by Unlawful Taking, [and] six (6) months to twelve (12) months each for Possession of Controlled Substance and Possession of Drug Paraphernalia. The sentences were made consecutive for an aggregate sentence of twenty-eight (28) months to seventy-two (72) months.

Trial Court Opinion, 6/11/18, at 1. Appellant filed timely notices of appeal. Both the trial court and Appellant have complied with Pa.R.A.P. 1925.

As noted above, counsel for Appellant filed petitions to withdraw from representation. Before we address any questions raised on appeal, we must resolve appellate counsel's request to withdraw. ***Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on direct appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

***Id***. at 1032 (citation omitted).

In this case, those directives have been satisfied. Within the petitions to withdraw, counsel averred that he conducted a conscientious review of the record and pertinent legal research. Following that review, counsel concluded that the present appeal is frivolous. Counsel sent Appellant a copy of the **Anders** Briefs and petitions to withdraw, as well as a letter, copies of which are attached to the petitions to withdraw.[2] In the letters, counsel advised Appellant that she could represent herself or that she could retain private counsel. Appellant has not filed any additional document with this Court.

We now examine whether the briefs satisfy our Supreme Court's dictates in **Santiago**, which provide that:

> in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Cartrette**, 83 A.3d at 1032 (quoting **Santiago**, 978 A.2d at 361).

Counsel's briefs are compliant with **Santiago**. The briefs set forth the procedural history of this case, outline pertinent case authority, and discuss counsel's conclusion that the appeals are frivolous. We thus conclude that the

---

[2] At each docket number, the **Anders** brief, petition to withdraw, and letter to Appellant are substantially the same.

procedural and briefing requirements for withdrawal have been met. Counsel for Appellant has indicated that, after a thorough and careful review of the certified record, there are no issues to be raised in these appeals. *Anders* Briefs at 14. However, counsel does address Appellant's concern that the sentences imposed were too harsh. *Id.* This issue presents a challenge to the discretionary aspects of Appellant's sentences.

We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708 (E)]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006)).

After review, we are constrained to point out that Appellant did not file a post-sentence motion at any of the underlying docket numbers, and there is no evidence in the record that Appellant challenged her sentences during the sentencing proceedings. Consequently, Appellant waived any challenges to the discretionary aspects of her sentences. ***See Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived."). Furthermore, because Appellant's sentencing claims are waived, the claims are deemed frivolous in an ***Anders*** analysis. ***Commonwealth v. Tukhi***, 149 A.3d 881, 888-889 (Pa. Super. 2016) (holding that in conducting an analysis under ***Anders***, an issue that is waived is also frivolous) (citation omitted). Accordingly, Appellant is entitled to no relief on her sentencing claims.

Finally, we have independently reviewed the records in order to determine whether there are any non-frivolous issues that Appellant may raise. ***Commonwealth v. Harden***, 103 A.3d 107, 111 (Pa. Super. 2014). Having concluded that there are no meritorious issues, we grant Appellant's counsel's petitions to withdraw, and we affirm the judgments of sentence.

J-S65009-18
J-S65010-18
J-S65011-18

Petitions to withdraw granted. Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2018