J-S47007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL S. ZAMPIER | : | |
| | : | |
| Appellant | : | No. 115 MDA 2019 |

Appeal from the Judgment of Sentence Entered January 11, 2019
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000670-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL S. ZAMPIER | : | |
| | : | |
| Appellant | : | No. 145 MDA 2019 |

Appeal from the Judgment of Sentence Entered January 11, 2019
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000672-2018

BEFORE: DUBOW, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.: **FILED OCTOBER 23, 2019**

Appellant, Michael S. Zampier, appeals from the Judgment of Sentence entered in the Bradford County Court of Common Pleas following his entry of a *nolo contendere* plea to: Public Drunkenness, Institutional Vandalism, and Terrorist Threats at Case No. CP-08-CR-000672-2018 ("Case No. 672"); and

Aggravated Assault at Case No. CP-08-CR-0000670-2018 ("Case No. 670").[1] Appellant challenges the discretionary aspects of his sentence. With this appeal, Appellant's counsel has filed a Petition to Withdraw and an **Anders**[2] Brief. We affirm the Judgment of Sentence and grant counsel's Petition to Withdraw.

A detailed recitation of the underlying facts is not necessary to our disposition. Briefly, Appellant entered an open *nolo contendere* plea to the above crimes on November 13, 2018. On January 10, 2019, the trial court sentenced Appellant, within the sentencing guidelines, to an aggregate term of fifty-two to one-hundred twenty months' incarceration. Appellant did not filed a Post-Sentence Motion from his Judgment of Sentence.

This timely appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant's counsel has filed both an **Anders** Brief and a Petition to Withdraw as Counsel. Appellant has not filed a response.

As a preliminary matter, we address counsel's Petition to Withdraw. "When presented with an **Anders** Brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). In order for counsel to withdraw from an appeal

_____

[1] 18 Pa.C.S. §§ 5505, 3307(a)(3), 2706(a)(1), and 2702(a)(3), respectively.

[2] **Anders v. California**, 386 U.S. 738 (1967).

pursuant to **Anders**, our Supreme Court has determined that counsel must meet the following requirements:

(1)     provide a summary of the procedural history and facts, with citations to the record;

(2)     refer to anything in the record that counsel believes arguably supports the appeal;

(3)     set forth counsel's conclusion that the appeal is frivolous; and

(4)     state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Counsel has complied with the mandated procedure for withdrawing as counsel. Additionally, counsel confirms that he sent Appellant a copy of the **Anders** Brief and Petition to Withdraw, as well as a letter explaining to Appellant that he has the right to retain new counsel, proceed *pro se*, or to raise any additional points. **See Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements).

Because counsel has satisfied the above requirements, we now have the responsibility to "make a full examination of the proceedings and make an independent judgment as to whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 354-55 n.5 (citation omitted). **See also Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (noting **Anders** requires the reviewing court to "review 'the case' as

- 3 -

presented in the entire record with consideration first of issues raised by counsel").

We first address the issue raised by counsel in the **Anders** Brief: "Did the trial court abuse its discretion when it sentenced the Appellant to an aggregate sentence of 52 months to 120 months?" **Anders** Brief at 4.

A challenge to discretionary aspects of a sentence is not reviewable as a matter of right. **Commonwealth v. Leatherby**, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant must invoke this Court's jurisdiction by, *inter alia*, preserving a challenge at sentencing or in a post-sentence motion. **Id.** "Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013). Here, Appellant did not preserve this challenge at his sentencing hearing or thereafter in a Post-Sentence Motion. Accordingly, he has waived any challenge to discretionary aspects of his sentence. **See Leatherby**, **supra**; **Griffin**, **supra**.

When an appellant fails to raise an issue before the trial court and has, thus, waived the issue on direct appeal, the courts consider that issue "frivolous" for purposes of an **Anders** analysis. **See Commonwealth v. Tukhi**, 149 A.3d 881, 888–89 (Pa. Super. 2016). **See also Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa. Super. 2008) ("Having been waived, pursuing this matter on direct appeal is frivolous."). Accordingly, Appellant's

discretionary aspects of sentencing challenge raised in counsel's **Anders** Brief is frivolous.

Additionally, our independent review of the record does not reveal any non-frivolous arguments available to Appellant. **Santiago**, 978 A.2d at 354-55 n.5. Thus, we agree with counsel that this appeal is wholly frivolous. Accordingly, we grant counsel's Petition to Withdraw as Counsel and affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed. Counsel's Petition to Withdraw as Counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/2019