J-S60042-16

2016 PA Super 231

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAVED TUKHI, | : | |
| | : | |
| Appellant | : | No. 3272 EDA 2015 |

Appeal from the Judgment of Sentence September 29, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006472-2014

BEFORE: SHOGAN, OTT, and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.: **FILED OCTOBER 25, 2016**

Javed Tukhi (Appellant) appeals from the judgment of sentence imposed following his convictions for aggravated assault, simple assault, and possession of an instrument of crime. Additionally, Appellant's counsel has filed a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). Because we have found a potentially non-frivolous issue upon our independent review of the record, we deny counsel's petition to withdraw and remand for counsel to file either an **Anders** brief or advocate's brief on that issue.

The trial court summarized the background underlying this matter as follows.

> Joseph Brandon [(Brandon)] testified that he was at the Crown Fried Chicken restaurant at Broad and Susquehanna

---

*Retired Senior Judge assigned to the Superior Court.

Streets [in Philadelphia] on April 23, 2014, at approximately 2:00 AM, at which time he inquired about employment. [Appellant] was an employee behind the counter.

In response to … Brandon's plea for work, [Appellant] asked him to find him a battery. Brandon left for a while, but returned empty handed. When … Brandon asked if there was any other work he could do, [Appellant] told him he could sweep and mop for $20.

After ... Brandon completed the work, [Appellant] reneged on his agreement to pay and instead offered Brandon a box of chicken. [Appellant] then started making racial remarks and laughing at Brandon. In response, Brandon up-ended the trash can, dumping the dust he had just swept back onto the floor.

[Appellant] then picked up a 3-4 [foot] iron pipe used for pulling down the security gates, jumped over the counter, and swung the pipe at Brandon, striking him tw[o] or three times in the arm.

… Brandon backed out of the door, flagged down a police car, and requested to be taken to the hospital because of the pain in his arm. The officer took Brandon to the hospital. He had a broken arm and had a cast placed on his arm. The cast was on Brandon's arm for about two months.

Brandon then returned to the Crown Fried Chicken, flagged down another officer and told him what happened. The officer went into the restaurant in an effort to view the video. The officer took no further action.

… Brandon eventually ended up at Central Detectives, but [Appellant] had left the restaurant. The detective told Brandon to call if he saw [Appellant] again. A few days later Brandon saw [Appellant] and reported his location to the police. Officer Joseph Sperry responded, spoke to Brandon and [Appellant] and placed [Appellant] under arrest. Brandon was taken back to Central Detectives.

Speen Kahn [(Kahn)] testified as a defense witness that he worked with [Appellant] at the Crown Fried Chicken in April of 2014, and that since leaving that job he has stayed in touch with

- 2 -

J-S60042-16

[Appellant]. ... Kahn testified that ... Brandon entered the restaurant on the night in question[] and attempted to sell food stamps. Brandon left and returned. According to … Kahn, Brandon asked to sweep for food, although he did not hear the full conversation between Brandon and [Appellant]. After Brandon completed the sweeping he demanded money. Upon hearing an argument, ... Kahn walked to the front. According to ... Kahn, [Appellant] told Brandon the money was not his to give, and opened the front door, telling Brandon to leave, which he did. About a half hour later some police officers came to ask what had happened.

... Kahn denied that there was a metal rod used for the security gates. He also testified that he never saw [Appellant] hit ... Brandon.

[Appellant] testified that there was no metal rod used for the security gates. He further testified that ... Brandon came into the Crown Fried Chicken and attempted to sell food stamps. [Appellant] testified that Brandon returned three or four hours later and asked to sweep for food. [Appellant] testified that after the sweeping, he offered Brandon food, but he demanded money. Brandon then started yelling and cursing, and then overturned the trash can. [Appellant] testified that he held the door for Brandon to leave and said if Brandon did[ not] leave he would call the cops. Brandon then left.

Trial Court Opinion (TCO), 1/11/2016, at 2-4 (citations omitted).

Following a non-jury trial, the trial court convicted Appellant of the aforementioned crimes. He was sentenced to an aggregate term of nine to twenty-three months of confinement, to be served on house arrest, followed by three years of probation. This appeal followed.[1]

---

[1] It appears that Appellant was represented at trial and sentencing by privately-retained counsel. Appellant *pro se* timely filed a notice of appeal, along with a request to proceed *in forma pauperis* and for appointment of counsel on appeal. Thereafter, new counsel was appointed to represent Appellant.

- 3 -

In this Court, Appellant's counsel filed both an **Anders** brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted). Our Supreme Court has clarified portions of the **Anders** procedure:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's

reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and *Anders* brief, we conclude that counsel has substantially complied with the technical requirements set forth above.[2] Therefore, we now have the responsibility "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Flowers*, 113 A.3d 1246, 1248 (Pa. Super. 2015) (quoting *Santiago*, 978 A.2d at 354 n.5).

Counsel presents three issues that arguably support this appeal:

[1.] Was the evidence presented at trial sufficient as a matter of law to support the convictions for aggravated assault, simple assault, and possessing an instrument of crime?

[2.] Was the sentence imposed upon [A]ppellant by the lower court manifestly excessive?

[3.] Was [A]ppellant denied effective assistance of counsel due to the fact that his privately retained trial counsel: (i) failed to present testimony from other potential witnesses; or (ii) failed to preserve a claim that the verdict is against the weight of the evidence?

*Anders* Brief at 6 (answers below omitted).

_____

[2] Appellant has not responded to counsel's petition to withdraw.

As Appellant's first issue challenges the sufficiency of the evidence to support his convictions, we begin with our well-settled standard of review.

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

***Commonwealth v. Franklin***, 69 A.3d 719, 722-23 (Pa. Super. 2013) (citations and internal quotation marks omitted).

Pursuant to 18 Pa.C.S. § 2702(a)(4), "[a] person is guilty of aggravated assault if he[] attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon." A person is guilty of simple assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S. § 2701(a)(1). The

Crimes Code defines "bodily injury" as "[i]mpairment of physical condition or substantial pain," and a "deadly weapon" as

> [a]ny firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury, or any other device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury.[3]

18 Pa.C.S. § 2301. "Although deadly weapons are commonly items which one would traditionally think of as dangerous (*e.g.,* guns, knives, *etc.*), there are instances when items which normally are not considered to be weapons can take on deadly status." **Commonwealth v. Scullin**, 607 A.2d 750, 753 (Pa. Super. 1992) (concluding that "the tire iron used by appellee to strike the victim became a deadly weapon at the moment appellee threw it in the direction of the ultimate victim"). "Items not normally considered deadly weapons can take on such status based upon their use under the circumstances." **Commonwealth v. Rhoades**, 8 A.3d 912, 917 (Pa. Super. 2010) (concluding that "an intact glass bottle constituted a deadly weapon" under the circumstances). **See also Commonwealth v. McCullum**, 602 A.2d 313, 323 (Pa. 1992) ("A deadly weapon need not be ... an inherently lethal instrument or device."); **Commonwealth v. Prenni**, 55 A.2d 532, 533 (Pa. 1947) (stating "[a]n ax, a baseball bat, an iron bar, a heavy

---

[3] "Serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

cuspidor, and even a bedroom slipper have been held to constitute deadly weapons under varying circumstances").

Regarding Appellant's conviction for possessing an instrument of a crime, we observe that 18 Pa.C.S. § 907(a) provides that "[a] person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally." The statute defines instrument of crime, in relevant part, as "[a]nything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S. § 907(d)(2).

In addressing the sufficiency issue, counsel points to evidence that "severely undermin[es] the credibility of … Brandon" and is "favorable … with respect to the credibility of [Appellant]." **Anders** Brief at 21-22. However, as counsel acknowledges, "[t]he [c]ourt found … Brandon credible regarding the manner in which he sustained his injury at the hands of [Appellant]." TCO, 1/11/2016, at 4.

To the extent that the credibility determinations made by the trial court are implicated, we observe that "it is for the fact finder to make credibility determinations, and the finder of fact may believe all, part, or none of a witness's testimony." **Commonwealth v. Jones**, 886 A.2d 689, 704 (Pa. Super. 2005). **See also Commonwealth v. Askins**, 761 A.2d 601, 603 (Pa. Super. 2000) ("Appellant requests that we reassess the trial court's credibility determinations. Pursuant to the

[sufficiency-of-the-evidence] standard, however, we may not disturb the credibility determinations of the trial court on review."). Brandon's testimony and the other evidence offered at trial, when viewed in the light most favorable to the Commonwealth, establishes that Appellant repeatedly struck Brandon's arm with an iron pipe used for pulling down security gates with such force that it caused his arm to break, requiring Brandon to go to the hospital due to the extreme pain he felt and ultimately wear a cast for two months. N.T., 6/9/2015, at 12-16, 21, 34, 38, 45. This evidence is sufficient to support Appellant's convictions. Thus, we agree with counsel that Appellant's sufficiency challenges are frivolous.

We now turn to Appellant's challenge to the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted) (quoting *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)).

Instantly, Appellant has satisfied the first requirement by timely filing a notice of appeal. To satisfy the second requirement regarding preservation, we point out that "[o]bjections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." *Griffin*, 65 A.3d at 935. Appellant did not raise the issue at his sentencing hearing, nor did he file a motion to modify the sentence imposed. Therefore, he has waived this issue for failing to preserve it. An issue that is waived is frivolous. *See Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

Appellant also claims that his privately-retained trial counsel was ineffective for failing to present testimony that would have been favorable to Appellant from other potential witnesses and for failing to preserve a claim that the verdict was against the weight of the evidence. However, in *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), our Supreme Court reaffirmed its prior holding in *Commonwealth v. Grant*, 813 A.2d 726 (Pa.

2002), that, absent certain circumstances not present here,[4] claims of ineffective assistance of counsel are to be deferred until collateral review under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. *Holmes*, 79 A.3d at 576. As such, Appellant's ineffectiveness claims are frivolous as raised on direct appeal.[5]

We agree with counsel that the issues raised herein are frivolous. However, our independent review of the record reveals a potentially non-frivolous issue not raised by counsel: whether Appellant should be entitled to relief on the basis that he was not advised adequately of his post-sentence rights following sentencing. Pennsylvania Rule of Criminal Procedure 704(C)(3) requires that "the judge … determine on the

---

[4] *See Holmes*, 79 A.3d at 563-64 (holding that the trial court may address claim(s) of ineffectiveness where (1) discrete claim(s) are "apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice," or (2) the defendant seeks to litigate prolix claims, there is good cause shown, and review is preceded by the defendant's knowing and express waiver of PCRA review).

[5] To the extent Appellant argues the merits of a weight-of-the-evidence challenge in this appeal, we note that it is waived for failure to raise it before the trial court. *See* Pa.R.Crim.P. 607(A) ("A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion."); *Commonwealth v. McCall*, 911 A.2d 992, 997 (Pa. Super. 2006). ("The purpose of [Rule 607(A)] is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived."). Thus, this waived issue is also frivolous. *Kalichak*, 943 A.2d at 291.

record that the defendant has been advised of" his post-sentence rights.[6]

Following sentencing, Appellant was advised of his post-sentence rights by his counsel, whose explanation of those rights was less than clear, incomplete, and, at times, incorrect. *See, e.g.*, N.T., 9/29/2015, at 13-14 (stating that, *inter alia*, a request for reconsideration of sentence and a direct appeal "must" be done with the assistance of counsel and that in the context of a direct appeal, Appellant "would have to allege some type of an argument that goes to evidence of ineffectiveness or some kind of error

---

[6] That rule provides that the defendant should be advised of the following:

> (a) of the right to file a post-sentence motion and to appeal, of the time within which the defendant must exercise those rights, and of the right to assistance of counsel in the preparation of the motion and appeal;
>
> (b) of the rights,
>
> > (i) if the defendant is indigent, to proceed *in forma pauperis* and to proceed with appointed counsel as provided in Rule 122, or,
> >
> > (ii) if represented by retained counsel, to proceed with retained counsel unless the court has granted leave for counsel to withdraw pursuant to Rule 120(B);
>
> (c) of the time limits within which post-sentence motions must be decided;
>
> (d) that issues raised before or during trial shall be deemed preserved for appeal whether or not the defendant elects to file a post-sentence motion; and
>
> (e) of the defendant's qualified right to bail under Rule 521(B).

Pa.R.Crim.P. 704(C)(3).

being committed during the course of your trial"). Our concern in this regard is compounded by Appellant's ultimate failure to file post-sentence motions, particularly in light of the fact that he could have preserved his discretionary-aspects-of-sentence and weight-of-the-evidence claims in post-sentence motions had he filed them.

By no means is this Court convinced that Appellant is entitled to relief on the issue we have identified, nor do we venture to state what relief is due. However, the claim is not so clearly devoid of merit so as to warrant classifying this appeal as frivolous. Thus, we deny counsel's motion for leave to withdraw and remand the case for counsel to file either (1) an advocate's brief on the issue, or (2) an **Anders** brief, accompanied by a new petition to withdraw, explaining why this issue is frivolous. The Commonwealth will have 30 days from the date of the filing of the brief in order to respond.

Motion for leave to withdraw denied. Case remanded with instructions. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 10/25/2016