J-S81018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JIQUAN BELL | : | |
| | : | |
| Appellant | : | No. 3787 EDA 2015 |

Appeal from the Judgment of Sentence December 22, 2011
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002010-2011

BEFORE:   BOWES, J., MOULTON, J., and STEVENS, P.J.E.[*]

DISSENTING MEMORANDUM BY STEVENS, P.J.E.:      **FILED MAY 09, 2017**

I dissent from the majority's reversal of Appellant's conviction for conspiracy to commit murder as the Commonwealth presented sufficient evidence to prove that Appellant committed homicide with the assistance of an unidentified co-conspirator.

In reviewing sufficiency claims, appellate courts are required to view the record in the light most favorable to the verdict winner, thereby giving the Commonwealth the benefit of all inferences that can reasonably drawn from the evidence.  ***Commonwealth v. Tukhi***, 149 A.3d 881, 886–87 (Pa.Super. 2016) (citation omitted).  This Court has emphasized that while the Commonwealth has the burden of proving the defendant committed the

---

[*] Former Justice specially assigned to the Superior Court.

charged offense and each material element of the crime charged beyond a reasonable doubt, the Commonwealth is neither required to prove the defendant's guilt with absolute certainty nor obliged to "preclude every possibility of innocence." *Id*; *Commonwealth v. Thompson*, 106 A.3d 742, 756 (Pa.Super. 2014).

In fact, it is well-established that the prosecution may meet its burden of proving the defendant's guilt on the basis of wholly circumstantial evidence:

> Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Tukhi*, 149 A.3d at 886–87 (citation omitted).

To reiterate, this Court has held that in order "[t]o sustain a conviction for criminal conspiracy, the Commonwealth must establish the defendant: 1) entered into an agreement to commit or aid in an unlawful act with another person or persons; 2) with a shared criminal intent; and 3) an overt act was done in furtherance of the conspiracy." *Commonwealth v. Rogal*, 120 A.3d 994, 1001 (Pa. Super. 2015).

In finding there was insufficient evidence to convict Appellant of conspiracy to commit murder, the Majority improperly views the evidence in

the light most favorable to the defense. Although the Majority concludes that the jury's verdict of guilt was "mere conjecture" as Appellant's co-conspirators were never specifically identified, the Majority ignores well-established precedent which acknowledges that "[g]iven the surreptitious nature of conspiracy, the existence of a formal agreement is often proven circumstantially, [by reviewing] the relations, conduct, or circumstances of the parties." *Commonwealth v. Jacobs*, 614 Pa. 664, 678, 39 A.3d 977, 985 (2012).

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, there is sufficient evidence to allow the jury to conclude that Appellant was guilty of conspiring to commit the victim's murder. The prosecution presented evidence that supports an inference that Appellant was stalking the victim by casing the crime scene in a vehicle driven by an associate. Before the shooting, the victim's friend, Hassan Polk, observed a red car circling the block four times; Polk testified that several people were in the car, including Appellant. Shortly after Polk noticed the red car's suspicious movements, he observed Appellant approach on a nearby corner and open fire.

Polk was particularly perceptive of his surroundings as he admitted that he was having problems with other individuals in his neighborhood. The fact that the driver of the red car drove past the victims numerous times in a short period weakens the proposition that the driver was merely present at the scene without knowledge that Appellant planned to harm the victim.

The jury was free to believe the prosecution's theory that the driver of the red car agreed to aid Appellant in committing the homicide by repeatedly driving past the victims to assess the scene and dropping Appellant off near the victims to allow him to shoot the victims. Shortly after Polk noticed repeatedly passing his location in the red vehicle, he observed Appellant approach on a nearby corner and open fire. Circumstantial evidence that Appellant drove to the crime scene with the assistance of a cohort is evidence of a criminal conspiracy. *Commonwealth v. Lambert*, 795 A.2d 1010, 1021-22 (Pa.Super. 2002).

Setting aside a jury verdict is a serious matter. The Majority erred in substituting its own judgment for that of the factfinder as the Commonwealth presented sufficient evidence to allow the jury to conclude that Appellant conspired with another in committing the victim's murder. Therefore, I dissent.