J-S30013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AARON MILLS | : | |
| | : | |
| Appellant | : | No. 1045 EDA 2018 |

Appeal from the Judgment of Sentence Entered March 6, 2018
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0001155-2017

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, P.J.:                **FILED OCTOBER 25, 2019**

Appellant, Aaron Mills, challenges the judgment of sentence entered in the Chester County Court of Common Pleas, following his convictions for robbery and related offenses. He contests the sufficiency of the evidence sustaining his convictions, and raises a challenge pursuant to ***Batson v. Kentucky***, 476 U.S. 79 (1986). Additionally, counsel for Appellant has filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), and a motion to withdraw. We deny counsel's petition to withdraw, and order counsel's compliance with our instructions.

The victim, Scott Thornton, and his wife returned home after dinner at a local restaurant. As Thornton exited the car, he saw a tall, thin, African American man approach. The man was wearing a mask pulled down over half his face as he raised a semiautomatic weapon to Thornton's head and said, "I

know you got money. Give me your cash. Give me your wallet." N.T. Trial, 1/23/18, at 16.

Thornton handed over his cell phone, but the man continued to demand Thornton's wallet. After Thornton complied, the assailant rifled through the wallet, pulled out Thornton's debit card, and demanded the card's personal identification number. Thornton made up a number as the man bent to pick up the wallet, which he had dropped in his haste. Thornton then unsuccessfully attempted to tackle him.

The man again pointed the gun at Thornton and instructed him to get down on the ground, where he kicked Thornton in the ribs. Thornton looked up just as the man raised the gun to Thornton's face and pulled the trigger. Thornton heard the click of the gun, and saw the man's eyes widen in surprise when it did not fire. The robber began running away as Thornton gave chase. The robber got into a dark-colored Nissan sedan with Delaware plates and drove off. A red sedan that had been parked right behind the robber's vehicle also quickly peeled out of the neighborhood.

Thornton called police, who spotted the vehicles driving close together on the highway approximately 15 minutes later. Officers conducted a traffic stop of the dark-colored Nissan, and arrested Appellant and his accomplice, who was in the other vehicle. Police recovered Thornton's wallet in Thornton's neighborhood, where Appellant had discarded it.

Appellant proceeded to a jury trial. Appellant's accomplice, Myles Turner, testified that he and Appellant had planned to break into houses in

Thornton's neighborhood and steal televisions. Turner brought his girlfriend and sister, who accompanied the men in a red sedan. Turner stated that when Appellant exited the Nissan, Turner believed he was going to burglarize a nearby home. Appellant then ran back toward the cars moments later, shouting "pull off, pull off!" as a white man chased him. N.T. Trial, 1/23/18, at 82.

The jury convicted Appellant of three counts of robbery, two counts each of aggravated assault and simple assault, and one count each of terroristic threats, theft by unlawful taking, receiving stolen property, carrying a firearm without a license, possession of an instrument of crime, and criminal conspiracy, and the court separately convicted Appellant of persons not to possess firearms.[1] The court ordered a pre-sentence investigation. Ultimately, Appellant was sentenced to an aggregate 16½ to 44 years' incarceration. He filed a *pro se* notice of appeal. The court ordered him to file a Pa.R.A.P. 1925(b) statement, and he complied.[2]

This Court remanded the case for a determination regarding whether Appellant's counsel had abandoned him, given the irregularity of Appellant

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1); 2702(a); 2701(a); 2706(a); 3921(a); 3925(a); 6106(a)(1); 907(a); 903(a)(1); and 6105(a)(1).

[2] Appellant also filed a *pro se* motion for reconsideration, which the trial court dismissed as untimely.

filing a *pro se* notice of appeal while still represented and counsel's failure to respond to this Court's subsequent orders.[3]

The trial court held a hearing and established trial counsel had abandoned Appellant. The court appointed new counsel, who filed a revised Pa.R.A.P. 1925(b) statement raising a **Batson** challenge and contesting the sufficiency of the evidence. However, counsel then filed an **Anders** brief. Though Appellant responded by filing an application for substitution of appointed counsel, he did not submit any other materials. This appeal is now properly before us.

Before addressing the merits of Appellant's claims, we are first tasked with determining whether counsel has complied with the procedures set forth in **Anders**. **See Commonwealth v. Bennett**, 124 A.3d 327, 330 (Pa. Super. 2015).

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….

---

[3] Included in these was an order for Appellant to file an amended notice of appeal with this Court. Appellant's *pro se* notice of appeal failed to state explicitly that he was appealing from the judgment of sentence entered on March 6, 2018, or list his appeal docket number, 1045 EDA 2018. This order was sent to Appellant's trial counsel, whom the trial court later determined had abandoned Appellant on appeal. To date, neither Appellant nor his new appellate counsel has complied with the order. We now direct Appellant's new counsel to file an amended notice of appeal.

- 4 -

> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

***Commonwealth v. Tukhi***, 149 A.3d 881, 885-886 (Pa. Super. 2016) (citation omitted).

The ***Anders*** brief is subject to particular requirements. Our Supreme Court dictates that the brief must: provide a summary of the procedural history and facts of the case, complete with citations to the record; refer to any information in the record that counsel believes could arguably support the appeal; present counsel's conclusion that the appeal is frivolous; and state counsel's reasons for so concluding. ***See Santiago***, 978 A.2d at 354. "Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." ***Commonwealth v. Hankerson***, 118 A.3d 415, 420 (Pa. Super. 2015) (citation omitted).

If this Court determines that counsel's petition and brief satisfy the requirements of ***Anders***, we will undertake an independent review of the appeal to ascertain whether it is wholly frivolous. ***See Tukhi***, 149 A.3d at 886. If it is found to be frivolous, we will grant counsel's petition to withdraw, and affirm the judgment of sentence. ***See id***.

Here, counsel's petition states he conducted a conscientious examination of the record, he was unable to discover any meritorious issues to raise on appeal, and he has concluded the appeal is wholly frivolous. Counsel also attached to his petition a copy of the letter he sent to Appellant,

which advises that Appellant may proceed *pro se* or retain private counsel to raise any additional issues he believes ought to be brought to this Court's attention. The letter states counsel enclosed a copy of the petition to withdraw. It also affirms counsel's intention to mail a copy of the **Anders** brief to Appellant "as soon as it is completed." Counsel's Letter, at 1.

However, when this Court examined the **Anders** brief, the only name on the proof of service is that of the counsel for the Commonwealth. Appellant's counsel does not attest in any other document that a copy of the brief was *actually* furnished to Appellant. Further, Appellant's application for the appointment of substitute counsel mentions that counsel sent Appellant "his resignation," but makes no mention of receipt of a brief. Appellant's Petition, at 1.

Therefore, we have no choice but to deny counsel's application to withdraw for failure to comply with the dictates of **Anders**. Counsel is instructed to file the amended notice of appeal. Upon receipt, our Prothonotary is directed to send a copy of the amended notice to the trial court. Counsel is also ordered to either supply a certificate of service demonstrating that Appellant was properly provided with a copy of the **Anders** brief, before re-filing his petition to withdraw, or to file an advocate's brief.

Application to withdraw denied. Counsel ordered to file an amended notice of appeal. Counsel directed to comply with these instructions within thirty days of the date of this memorandum. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/25/19</u>