J-A18032-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LAVALLE L. TUCKER | : | |
| | : | |
| Appellant | : | No. 1028 WDA 2019 |

Appeal from the Judgment of Sentence Entered May 21, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0000697-2018

BEFORE:  BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    FILED JANUARY 08, 2021

Appellant Lavelle L. Tucker appeals from the judgment of sentence imposed after he pled guilty to one count each of indecent assault—person with mental disability, indecent assault, corruption of minors, and endangering welfare of children (EWOC).[1]   On appeal, Appellant challenges the discretionary aspects of his sentence.   We affirm.

The trial court described the facts underlying Appellant's plea as follows:

The convictions arose from an incident that occurred on December 19, 2017.  The victim H.B. was a minor at the time who attended the Children's Institute of Pittsburgh, a special needs school.  H.B. suffers from physical and intellectual disabilities as a result of a genetic disorder and is essentially non-verbal and requires twenty-four (24) hour care.  Appellant was seventy-one (71) years old and was employed as a driver by a company that was responsible for transporting the victim to school.  It was while in

_____

[1] 18 Pa.C.S. §§ 3126(a)(6), 3126(a)(2), 6301(a)(1)(i), and 4304(a)(1), respectively.

this capacity on December 19, 2017, that a passerby observed Appellant seated next to the victim inside the handicap van with his right hand down the front of her pants, beneath her clothing, moving and manipulating his hand. The assault immediately ended when the witness yelled and banged her fist on the glass window.

Trial Ct. Op. at 4.

On February 9, 2018, Appellant was charged with two counts each of aggravated indecent assault and indecent assault, and one count each of corruption of minors and EWOC. On February 18, 2019, the Commonwealth filed a motion to amend the criminal information so that it could withdraw the two counts of aggravated indecent assault and remove the "course of conduct" requirement from the corruption of minors charged. See Mot. to Amend, 2/18/19, at 1-2.

On February 25, 2019, the charges were amended as requested. N.T., 2/25/19, at 8. Following a guilty plea colloquy, Appellant entered an open guilty plea to the remaining charges. Id. at 8-13. Sentencing was deferred for preparation of a pre-sentence investigation (PSI) report. Id. at 13.

On May 8, 2019, the trial court conducted a sentencing hearing. P.F., the mother of the victim, gave an impact statement on the victim's behalf. N.T., 5/8/19, at 7-11. T.F., the maternal grandfather of the victim, also gave a victim impact statement. Id. at 15-18. Appellant made his allocution. Id. at 22-24. The court indicated that it had considered the PSI, the sentencing guidelines, the arguments of counsel, the victim impact statements, and Appellant's allocution. Id. at 25. The court noted the mitigating circumstances of Appellant's age, his admission of responsibility, and his

- 2 -

expression of remorse, although the court noted that Appellant's allocution had focused primarily on the effect the case had had on Appellant. Id. at 26. As an aggravating factor, the court noted the extent of the victim's mental disability, the "heartbreaking noises" the victim had uttered in the courtroom and the fact that Appellant had been in a position of trust and authority towards the victim. Id. at 26-27. At the conclusion of the hearing, the court sentenced Appellant to an aggregate of three and one-half to seven years of incarceration and a consecutive six years of probation.[2] Id. at 28-34.

On May 20, 2019, Appellant filed a timely post-sentence motion seeking a reduction of his sentence due to his age; his minimal involvement with the criminal justice system prior to the instant crime; the fact that he had willingly pleaded guilty and saved the victim from the trauma of trial; and because Appellant was remorseful for his actions. See Appellant's Post-Sentence Mot., 5/20/19, at 1-2. On June 12, 2019, the trial court denied Appellant's post-sentence motion.

Appellant filed a timely notice of appeal on July 12, 2019. Appellant subsequently filed a timely court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive Rule 1925(a) opinion concluding that it had

_____

[2] The court sentenced Appellant to thirteen to twenty-six months of incarceration for indecent assault—person with mental disability; sixteen to thirty-two months' incarceration for corruption of minors, to run consecutively; and six years of consecutive probation.

sentenced Appellant appropriately pursuant to the sentencing guidelines.[3]

Trial Ct. Op., 11/4/19, at 4-8.

On appeal, Appellant raises one issue for our review:

Did the trial court abuse its discretion when it imposed a manifestly excessive and unreasonable sentence that was based on bias and speculation, double counted factors from the guidelines, and failed to properly consider all of the relevant sentencing criteria under 42 Pa.C.S.A. § 9721(b)?

Appellant's Brief at 6 (some formatting altered).

Appellant's claim relates to the discretionary aspects of his sentence. He contends that, for the following reasons, his sentence was manifestly unreasonable: 1) the trial court used impermissible factors and based its sentence on bias, ill-will, and speculation; 2) the court double-counted a factor already in the sentencing guidelines; 3) the court did not properly consider the mitigating evidence and Appellant's rehabilitative needs but, instead, focused on the gravity of the offense and victim impact. Appellant's Brief at 16.

Initially, we note that "challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." Commonwealth v. Derry, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted and formatting altered). An appellant challenging the discretionary aspects of his

_____

[3] On May 22, 2020, the parties filed a stipulation to supplement the certified record with Appellant's PSI. See Stipulation, 5/22/20, at 1-2. The PSI is contained within the certified record.

sentence must invoke this Court's jurisdiction by satisfying a four-part test to determine:

> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence . . . ; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).

Commonwealth v. Tukhi, 149 A.3d 881, 888 (Pa. Super. 2016) (citation omitted). "Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." Commonwealth v. Malovich, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citation omitted); see also Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

Appellant's post-sentence motion requested a reduction of his sentence due to his age; his minimal involvement with the criminal justice system prior to the instant crime; he had willingly pled guilty; and because Appellant was remorseful. See Appellant's Post-Sentence Mot., 5/20/19, at 1-2. Appellant's post-sentence motion did not present argument regarding the court's ill-will, bias, or partiality, nor did he present argument regarding what Appellant later characterized as "double-counting." Id. Appellant raised these issues for the first time in his Pa.R.A.P. 1925(b) statement of errors complained of on appeal. See Appellant's Rule 1925(b) Statement, 8/15/19, at 1-3.

Therefore, we find that Appellant waived these discretionary sentencing claims by failing to preserve them at sentencing or in his post-sentence motion. See Malovich, 903 A.2d at 1251; Commonwealth v. Cartrette, 83 A.3d 1030, 1042-43 (Pa. Super. 2013) (en banc) (holding that the defendant waived his discretionary sentencing claim when he failed to preserve it in his post-sentence motion); see also Pa.R.A.P. 302(a).

Appellant's sole remaining claim is his contention that the trial court failed to appropriately consider various mitigating factors in fashioning his sentence. This Court "has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." Commonwealth v. Caldwell, 117 A.3d 763, 769-70 (Pa. Super. 2015) (en banc) (citation omitted). As Appellant has not raised a substantial question for our review, we do not proceed to an examination of the merits of his appeal.[4] Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/8/2021

_____

[4] Even if we were to review the merits of the issues preserved in Appellant's post-sentence motion, we would, ultimately, find them meritless.

- 6 -