J-S01036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
GERALD ROBERT MARTIN :
:
Appellant : No. 795 MDA 2021

Appeal from the Judgment of Sentence Entered May 24, 2021
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000362-2020

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
GERALD ROBERT MARTIN :
:
Appellant : No. 796 MDA 2021

Appeal from the Judgment of Sentence Entered May 24, 2021
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000214-2020

BEFORE:   BOWES, J., NICHOLS, J., and COLINS, J.[*]

DISSENTING MEMORANDUM BY BOWES, J.:      **FILED OCTOBER 13, 2022**

The first time this Court remanded these cases for the trial court to

determine whether Appellant's counsel abandoned him, given counsel's failure

to comply with or respond to two orders of this Court, I dissented to the

_____

[*] Retired Senior Judge assigned to the Superior Court.

Majority's decision to inject further delay into the resolution of this appeal.[1]

Since in my view the Majority again has opted to unnecessarily extend this

process, I am constrained to dissent.

The Majority remands with directions for counsel to refile his petition to

withdraw and to send it and a "new cop[y] of the **Anders** brief" to Appellant

because counsel failed "to acknowledge whether he satisfied his requirement

to provide Appellant with a copy of the **Anders** brief[.]" Majority

Memorandum at 8. However, the trial court's order filed in response to our

directions in the prior remand includes the express finding that counsel cured

all of the deficiencies noted in our prior memorandum, including "provid[ing]

his **Anders** brief, petition to withdraw, and the notification of rights to

Appellant." Order, 8/9/22, at ¶ 4. To me, this representation of counsel to

the trial court, documented in the certified record, is as good, if not better, an

indication that Appellant was served with the necessary documents than a

proof of service appended to a filing. Accordingly, rather than remand again,

I would proceed to address the substance of the appeal in accordance with

the applicable principles. **See**, **e.g.**, **Commonwealth v. Wrecks**, 931 A.2d

_____

[1] Although counsel appeared before the trial court in accordance with our remand and finally took the required actions to minimally fulfill his obligation to represent his client, I observe that we still have been provided no explanation from counsel or the trial court for counsel's failure to comply with our first two directives. Accordingly, I maintain my belief that counsel violated his obligations under the rules of professional conduct, and appears to have acted in contempt of this Court.

717, 721 (Pa.Super. 2007) ("[I]f counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous."). **See also Commonwealth v. Flowers**, 113 A.3d 1246, 1249 (Pa.Super. 2015) (indicating that this Court must "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous" (cleaned up)).

The issues of arguable merit identified by counsel are as follows:

1. Whether the Appellant's plea was knowing, voluntary and intelligent.

2. Whether the sentence imposed was appropriate given the circumstances of this case.

3. Whether the Appellant's sentence was legal and within the Sentencing Guidelines for the Commonwealth of Pennsylvania.

**Anders** brief at 3.

By way of background, Appellant's aggregate term of sixteen to sixty months of incarceration was imposed after he entered guilty pleas to delivery of a controlled substance and possession of drug paraphernalia and following a presentence investigation. **See** N.T. Sentencing, 5/24/21, at 1. The sentence is composed of standard-range sentences, and the trial court both ordered that Appellant receive credit for time served and noted his eligibility for the state drug treatment program and the Recidivism Risk Reduction Incentive ("RRRI") program. **Id**. at 8.

Addressing the first issue identified by counsel, I observe that, since Appellant did not object during the plea colloquy or file a motion to withdraw his guilty plea in the trial court prior to filing this appeal, Appellant waived his right to challenge the validity of his plea herein. *See Commonwealth v. Lincoln*, 72 A.3d 606, 609–10 (Pa.Super. 2013) ("A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing."). Consequently, attempting to raise the claim now would be frivolous. *See Commonwealth v. Tukhi*, 149 A.3d 881, 888 (Pa.Super. 2016) ("An issue that is waived is frivolous.").

Turning to the second issue, I agree with counsel that challenging the discretionary aspects of his sentence would be fruitless.[2] *See Anders* brief

_____

[2] Appellant failed to raise a challenge to the discretionary aspects of his sentence at the sentencing hearing or in a post-sentence motion. As noted by the trial court, this would ordinarily result in waiver. *See* Trial Court Opinion, 9/7/21, at 5 (citing *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa.Super. 2013)). However, the trial court misadvised Appellant about his post-sentence rights at the sentencing hearing, informing Appellant as follows:

> [Appellant], there's two ways you can challenge the sentence. You can file a [m]otion with me, you have to do that in ten (10) days. You can file an appeal, you have to do that within thirty (30) days. You have the right to an attorney to help with both those processes. [Counsel] is your attorney, so you want to make sure you talk with him about either of those options and do so promptly, if that is something you want to consider.

*(Footnote Continued Next Page)*

- 4 -

at 16-17. I discern nothing in the certified record suggesting that there is any substantial question that the trial court abused its discretion in imposing sentence at the low end of the standard range after it duly considered the presentence investigation report, which revealed Appellant's prior record score of four, failure to address his addiction issues under prior supervision, and failure to submit to a drug and alcohol evaluation or chemical testing while on bail in these cases. Therefore, this issue cannot support a non-frivolous appeal.

As for the third issue identified by counsel, I discern no illegality in Appellant's sentences. Being within the standard range of the sentencing guidelines, they are plainly within the statutory limits. Furthermore, the trial court complied with its obligation to assess Appellant's RRRI eligibility and expressly found him eligible. *See* N.T. Sentencing, 5/24/21, at 8.

Moreover, my "simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated[,]" has revealed no additional issues

---

N.T. Sentencing, 5/24/21, at 9. Insofar as the trial court misadvised Appellant that he could challenge the sentence by filing a direct appeal, I find waiver inapplicable in the face of this breakdown in court processes. ***Accord Commonwealth v. Patterson***, 940 A.2d 493, 498 (Pa.Super. 2007) (compiling cases in which the "courts of this Commonwealth have held that a court breakdown occurred in instances where the trial court, at the time of sentencing, either failed to advise Appellant of his post-sentence and appellate rights or misadvised him").

counsel failed to address.[3]  *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*).

Accordingly, because I agree with counsel that pursuing this appeal would be wholly frivolous, I would affirm the judgment of sentence and grant counsel's petition to withdraw.  As the Majority instead remands for additional filings, I respectfully dissent.

---

[3]  I have conducted my review cognizant of the fact that "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed."  *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014).