J-S09021-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
                                :
            v.                  :
                                :
                                :
GEORGINA EBONY REED             :
                                :
            Appellant           :    No. 2184 EDA 2025

Appeal from the Judgment of Sentence Entered July 14, 2025
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0003491-2019

BEFORE:    MURRAY, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LANE, J.:                    **FILED APRIL 14, 2026**

Georgina Ebony Reed ("Reed") appeals from the judgment of sentence imposed following her non-jury trial conviction of disorderly conduct,[1] a summary offense.  Reed's counsel, Assistant Public Defender Jeffrey Velander, Esquire ("Attorney Velander"), has filed a motion to withdraw from representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We grant Attorney Velander's motion and affirm the judgment of sentence.

The Commonwealth charged Reed with two counts of disorderly conduct.  This matter proceeded to a non-jury trial on July 14, 2025.  The trial court summarized the evidence as follows.  Reed presented at the emergency

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. § 5503(a)(1).

department of a hospital, "in a distressed state" for "suicidal ideations."  Trial Court Opinion, 9/25/25, at 1, 3.  Nicole Renz ("Nurse Renz"), a nurse, testified to the following:

> [Nurse Renz] was tending to a patient in the hallway of the emergency department when she heard [Reed] yell:
>
>> [Reed] yelled out and said that she wanted a blanket, and I said, give me just a minute.  [O]ne of my colleagues was working at the nurses' station behind me, and he said, [H]ey, I'll grab it.  He grabbed it.  I continued speaking with the other patient.  And then when he brought it in, I heard yelling.  And I turned and saw her, and she was saying, [T]ell me that bitch's name.  I'm going to beat the shit out of her.
>>
>> * * * *
>>
>> There was . . . a lot of repetition, . . . a lot of the I'm going to beat the shit out of her.  She said, I'm going to report her.  At one point she said, I'm going to kill her.
>>
>> * * * *
>>
>> [O]nce another staff member had said [my] name is Nicole, she called me that bitch Nicole.[]
>
> [Reed's] outburst was so loud that the charge nurse, who sits in zone 2 of the six-zone emergency department, "responded without anybody having to say, [H]ey, you should come down her[e].  She responded because she could hear the yelling."[] Hospital security, and later Fountain Hill Police, responded to diffuse the situation.

**Id**. at 2 (footnotes omitted) (*citing* N.T., 7/14/25, at 10-12).

Reed testified in her own defense as follows.  In the hospital room, she was wearing a paper gown, felt cold, and thus asked a nurse for a blanket.

N.T., 7/14/25, at 24. After forty-five minutes, Reed had not received a blanket and thus tried to ask the nurse again. Reed testified:

> Before I could even get anything out, I said, [E]xcuse me, ma'am, and I was going to say to her could I please get a blanket, and she stopped, she stomped her foot, she looked at me and shook her head and said, [D]idn't I tell you that you have to wait.
>
> And inside I was thinking like who is she talking to. I'm a grown adult and I'm — you know, I know that maybe my situation because it's mental health that it might not be like everybody else, **so I said to her right after — but I didn't say anything**. I kept it inside.

*Id*. (emphasis added).

Reed then asked a man for a blanket, who "threw" her a blanket, and this caused her to be "upset." *Id*. at 24, 29. Reed asked him, "[W]hat's that B's name? I want to report her to your supervisor." *Id*. at 24. Reed admitted that she was "agitated," but denied yelling, threatening the nurse, or stating she would "beat the shit out of her" or kill her. *Id*. at 27-29.

The trial court found Reed guilty of disorderly conduct – engaging in fighting or tumultuous behavior, a summary offense. On the record, the court reasoned:

> [W]hat is evident to me was that . . . Reed . . . was brought to the hospital by [emergency medical services] because she was in a distressed state. She[,] in that distressed state[,] was not receiving responses that she wanted. Not that the time for receiving those responses was unreasonable, but she wasn't receiving the responses.
>
> And eventually [Reed] completely lost control of herself and made these threats. . . . Reed said that she did not make any threats . . . to beat the shit out of Nurse Renz and didn't threaten to kill her, but nobody charged her with terroristic threats. But

- 3 -

it's pretty clear that there's no reason for [Nurse] Renz to have made this up. []

N.T., 7/14/25, at 37.

The trial court then immediately imposed a sentence of a $150 fine.

As the conviction was a summary offense, Reed did not file a post-sentence motion, but filed a timely notice of appeal. *See* Pa.R.Crim.P. 720(D) (providing that "[t]here shall be no post-sentence motion in summary case appeals following a trial *de novo* in the court of common pleas[, and t]he imposition of sentence . . . shall constitute a final order for purposes of appeal"). In response to the trial court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, Attorney Velander filed a statement of his intent to withdraw from representation. *See* Pa.R.A.P. 1925(c)(4) (providing that "[i]f counsel intends to seek to withdraw in a criminal case pursuant to *Anders*/*Santiago* . . . , counsel shall file . . . a statement of intent to withdraw in *lieu* of filing a [Rule 1925(b)] Statement").

As stated above, Attorney Velander has filed in this Court an application to withdraw from representation and an *Anders* brief. Reed has not filed a response, *pro se* or with new counsel.

Counsel's *Anders* brief identifies three issues for our review:

A. Whether the trial Court erred in convicting [Reed] of the offense of disorderly conduct by accepting as true the testimony of the Commonwealth's witness that [Reed], a patient in a hospital emergency room, had repeatedly yelled that she was going to kill the Commonwealth's witness, an emergency room nurse, thereby rejecting [Reed's] claim that, while she was yelling, she made no threats.

- 4 -

B. Whether there was sufficient evidence presented at the non-jury trial to convict [Reed] of the violation of 18 Pa.C.S.A. § 5503(a)(1), disorderly conduct, as a summary offense.

C. May appointed counsel be permitted to withdraw after a conscientious review of the issues and the facts pursuant to the *Anders* case?

*Anders* Brief at 4-5 (unnecessary capitalization omitted).

"Before we address the merits of this appeal, we must determine whether counsel has complied with the procedures provided in *Anders* and its progeny," including *Santiago*, 978 A.2d 349. *Commonwealth v. Dempster*, 187 A.3d 266, 270 (Pa. Super. 2018) (*en banc*). This Court has explained:

> Counsel who wishes to withdraw must file a petition to withdraw stating that he or she has made a conscientious examination of the record and determined that the appeal would be frivolous. Also, counsel must provide a copy of the *Anders* brief to the appellant and inform him of his right to proceed *pro se* or retain different counsel.
>
> The substance of the *Anders* brief must "(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." [*Santiago*, 978 A.2d at 361. T]he *Anders* brief is designed, *inter alia*, to assist the court in making "the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw."

* * * *

- 5 -

> ***Anders*** also provides that once the court has determined that counsel satisfied the above requirements, "the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds[,] it may grant counsel's request to withdraw and dismiss the appeal[.]" Thus, . . . a reviewing court must:

***Id***. at 271 (some citations and emphases omitted).

Here, Attorney Velander's ***Anders*** brief: sets forth a procedural and factual history of the case with citations to the record; discusses the issues arguably supporting the appeal; and explains why counsel concludes those issues are frivolous. ***See Anders*** Brief at 6-9, 11-15. Counsel has provided a copy of a letter he sent to Reed, in which he advised her: he did not believe the appeal would succeed; he has thus filed a petition to withdraw and accompanying brief, pursuant to ***Anders*** and ***Santiago***; and Reed had the right to retain another attorney or file a *pro se* statement with this Court. The letter also stated that Attorney Velander had advised Reed of the same information by telephone and email.

We determine Attorney Velander has substantially complied with the requirements of ***Anders*** and ***Santiago***. ***See Dempster***, 187 A.3d at 270-71. We thus proceed to an independent review to determine whether this appeal is frivolous.

In the ***Anders*** brief, Attorney Velandar raises both the sufficiency and weight of the evidence, and notes the trial court credited Nurse Renz's testimony that Reed yelled threats to kill her, and called the nurse a "bitch," loudly enough that others could hear her. ***Anders*** Brief at 14.

- 6 -

Preliminarily, we note the distinction between challenges to the sufficiency and weight of the evidence. When reviewing a sufficiency of the evidence claim, "we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense." *Commonwealth v. Juray*, 275 A.3d 1037, 1042 (Pa. Super. 2022).

> [A] sufficiency of the evidence review does not include an assessment of credibility of testimony offered by the Commonwealth. Instead, such arguments are more properly characterized as challenges to weight of evidence. [A] claim that the jury erred in crediting a victim's version of events over that of [an a]ppellant goes to the weight, not to the sufficiency of the evidence.
>
> In addition, the Pennsylvania Supreme Court has held that an "appellant's challenge to the sufficiency of the evidence must fail[,]" where an appellant phrases an issue as a challenge to the sufficiency of the evidence, but the argument that the appellant provides goes to the weight of the evidence.

*Id*. at 1043 (citations omitted and parentheses omitted).

On the other hand, "[a] motion for new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict." *Id.* at 1046 (citation omitted). With respect to the weight of the evidence, this Court may not "usurp the duty of the jury as factfinder and reassess the credibility of the witnesses and reweigh the evidence in hopes of reaching a different conclusion." *Id*. Instead,

> "this Court will defer to the credibility determinations of the trial court as to witnesses who appeared before it[, and it] is well-settled that the trier[-]of[-] fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence."

*Id*. (citation omitted).

In any event, an appellant must preserve a challenge to the weight by raising it:

> (1) orally, on the record, at any time before sentencing;
>
> (2) by written motion at any time before sentencing; or
>
> (3) in a post-sentence motion.

Pa.R.Crim.P. 607(A)(1)-(3).

Finally, the Pennsylvania Crimes Code[2] defines disorderly conduct in pertinent part as follows:

> **(a) Offense defined. —** A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
>
>> (1) engages in fighting or threatening, or in violent or tumultuous behavior[.]

18 Pa.C.S.A. § 5503(a)(1).

In finding Reed guilty of disorderly conduct, the trial court specifically determined that Nurse Renz was credible. *See* N.T., 7/14/25, at 33. The court found:

> [Reed] threatened and cursed at staff at [the hospital] after being admitted to the emergency department for "suicidal ideations."[]

_____

[2] *See* 18 Pa.C.S.A. §§ 101-9546.

- 8 -

> She claimed her frustration arose because staff was not expeditious enough in fulfilling her request for a blanket.[] Most of her outbursts were directed at one nurse in particular, [Nurse] Renz[.] In comments to other staff members, she threatened to kill [Nurse] Renz and referred to her as "that bitch Nicole." [] Her yelling could be heard through the closed door to her room.

Trial Court Opinion, 9/25/25, at 1 (*citing* N.T., 7/14/25, at 10-11, 23-25) (footnotes omitted).

On appeal, any claim by Reed that the trial court erred in crediting Nurse Renz's testimony, or should have instead believed Reed's testimony, goes to the weight, and not sufficiency, of the evidence. ***See Juray***, 275 A.3d at 1043. We thus determine that a sufficiency challenge is frivolous.

With respect to the weight of the evidence, although Reed could not have filed a post-sentence motion following the underlying summary offense conviction, she could have raised a challenge orally on the record. ***See*** Pa.R.Crim.P. 607(A)(1), 720(D). However, she did not, and thus she has waived a challenge to the weight of the evidence. Accordingly, we conclude this issue is frivolous as well. ***See Commonwealth v. Tukhi***, 149 A.3d 881, 889 (Pa. Super. 2016) (noting that "when an issue has been waived, 'pursuing th[e] matter on direct appeal is frivolous'" for ***Anders*** purposes).

Moreover, even if Reed had not waived her claim for appellate review, we would determine no relief is due. Nurse Renz testified that Reed repeatedly yelled that she would "beat the shit out of her," referring to Nurse Renz, and stated, "I'm going to kill her." N.T., 7/14/25, at 10. Reed was so loud that the charge nurse, stationed several "zone[s]" away, heard her and responded

without any prompting from anyone. *Id*. at 12. This testimony showed that Reed had an "intent to cause public inconvenience, annoyance or alarm, or recklessly create[ed] a risk thereof" and engaged in threatening or tumultuous behavior. 18 Pa.C.S.A. § 5503(a)(1). The trial court was free to believe all, part, or none of this evidence, and weigh it against Reed's testimony denying that she yelled, raised her voice, or made any threats. *See Juray*, 275 A.3d at 1046. The court accepted Nurse Renz's testimony, and we may not supplant this credibility determination with our own. *See id*.

Attorney Velander's third issue suggests that this Court grant his motion to withdraw. As we determine that Reed's appeal is wholly frivolous, we grant the motion and affirm the judgment of sentence.

Attorney Velander's motion to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/14/2026