J-S28028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RYAN JAMES ALLIS | : | |
| | : | |
| Appellant | : | No. 37 MDA 2019 |

Appeal from the Judgment of Sentence Entered December 17, 2018
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000510-2018

BEFORE: BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED OCTOBER 29, 2019**

Ryan James Allis appeals from the judgment of sentence entered on December 17, 2018, following his guilty plea to Accidents Involving Death or Personal Injury, Driving While Operating Privilege Suspended or Revoked, and Recklessly Endangering Another Person ("REAP").[1] Allis's counsel previously filed a petition to withdraw and an **Anders**[2] brief. We denied the petition to withdraw and remanded for counsel to obtain and review all of the trial transcripts. The case now returns to us, and counsel has filed a new **Anders** brief and a renewed petition to withdraw. We grant the petition to withdraw and affirm the judgment of sentence.

---

\* Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3742(a) and 1543(a), and 18 Pa.C.S.A. § 2705, respectively.

[2] **Anders v. California**, 386 U.S. 738 (1967).

Allis pled guilty to the following facts. In June 2018 he was involved in car accident that resulted in a victim being injured. Allis was the driver of one of the vehicles involved in the accident and his license was suspended at the time of the accident. N.T. Guilty Plea Hearing, 10/01/18, at 4, 5. Allis "neglected to render aid to the victim of the auto accident and left her unconscious and injured in a burning vehicle[.]" *Id.* at 5. Allis completed a written plea colloquy and had no questions regarding the plea. *Id.* at 2. The trial court reviewed with Allis the maximum sentence possible for each offense; that his sentences could be consecutive; and "that the court is not bound by any plea agreement that [Allis] and [his] attorney may have reached with the Commonwealth[.]" *Id.* at 5-6. The court sentenced Allis on a later date.

At the sentencing hearing, counsel pointed out to the court that based on the presentence investigation report ("PSI"), "[Allis] has not been through a rehabilitation facility[.]" N.T., Sentencing Hearing, 12/17/18, at 2. The Commonwealth stated that less than six months prior to the instant convictions, Allis had been released from prison after maxing out his sentence for a felony burglary conviction. *Id.* at 4. It also noted that the victim in the instant case was a passenger in Allis's vehicle. *Id.*

The court then stated on the record some of the information it had learned from the PSI, including Allis's self-reported drug use, as well as his level of education, and his diagnosis of depression. *Id.* at 6. The court sentenced Allis to 16 to 60 months' imprisonment for accident involving death

or personal injury and 12 to 24 months' imprisonment for REAP. *Id.* at 7. The trial court imposed the sentences consecutively for a total aggregate term of 28 to 84 months with credit for time served. *Id.* at 7, 9.[3] The court also imposed a fine for each conviction. Allis did not file a post-sentence motion.

Allis timely appealed and counsel filed an *Anders* brief and a petition to withdraw as counsel. We denied the petition and remanded with instructions. *See Commonwealth v. Allis*, 2019 WL 3814593 (Pa.Super. filed August 14, 2019). Allis's counsel complied with our instructions on remand, and as stated above, has filed a new *Anders* brief and a new petition to withdraw.

When counsel seeks to withdraw as counsel by filing an *Anders* brief, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*). Where counsel has done the above, we then determine whether counsel has filed a proper *Anders* brief. An *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that

---

[3] The court initially sentenced Allis to 90 days' incarceration for the suspended license conviction but corrected the sentencing order to reflect that no incarceration was associated with that conviction. *See* N.T., Sentencing at 7, 9.

counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

Counsel has complied with the requirements to withdraw. He filed a petition to withdraw stating that after his examination of the record, he believes the appeal is frivolous. ***See*** Petition to Withdraw, 9/20/19. Counsel also sent a letter informing Allis of his right to retain new counsel or proceed *pro se* and to raise any points he deemed worthy of this Court's review. We now address whether counsel has satisfied the requirements of an ***Anders*** brief.

Counsel's brief complies with the ***Anders*** requirements pursuant to ***Santiago***. Counsel has provided a summary of the procedural history and facts; refers to issues he believes arguably support the appeal; has set forth his conclusion that the appeal is frivolous; and his reasons for that conclusion.

In the ***Anders*** brief, counsel identifies a possible challenge to Allis's judgment of sentence. He states the claim as an argument that Allis's sentence is "excessive in light of his circumstances, particularly with regard to [Allis's] treatment and rehabilitative needs." ***Anders*** Br. at 10. Counsel concludes that this claim is frivolous because such a claim does not raise a substantial question and because there is no indication from the record that the court ignored Allis's rehabilitative needs. ***Id.*** at 13. We agree with counsel that the appeal is frivolous, but for a different reason.

Following sentencing, Allis did not file a post-sentence motion and therefore waived all claims relating to his sentence. ***See Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa.Super. 2013) (citing ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa.Super. 2010)). "An issue that is waived is frivolous." ***Commonwealth v. Tukhi***, 149 A.3d 881, 888 (Pa.Super. 2016).

We find no other non-frivolous claims upon our independent review of the entire record. Therefore, we grant counsel's petition to withdraw, and we affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdrawn granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2019