J-S68011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID E. ALLISON | : | |
| | : | |
| Appellant | : | No. 435 WDA 2019 |

Appeal from the Judgment of Sentence Entered March 8, 2019
In the Court of Common Pleas of Bedford County Criminal Division at
No(s):  CP-05-SA-0000001-2019

BEFORE:  GANTMAN, P.J.E., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:　　　　　　　　**FILED JANUARY 2, 2020**

David E. Allison (Allison) appeals the judgment of sentence entered on March 8, 2019, by the Bedford County Court of Common Pleas (trial court). Following a bench trial, Allison was found guilty of the summary offense of disorderly conduct and sentenced to a jail term of 30 days.  He now asserts that (1) the evidence was legally insufficient to sustain his conviction, (2) the verdict was against the weight of the evidence, and (3) the length of sentence was excessive.  We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

**I.**

Allison was charged by citation with one count of disorderly conduct[1] based on an incident that occurred on August 11, 2018.  The case initially went before a magisterial district judge, who sentenced Allison to 30 days in county jail, and assessed fees and costs totaling $384.92.  Allison appealed to the trial court, which held a summary trial on March 7, 2019.  There, the

---

[1] The offense is defined as follows:

> (a) Offense defined.--A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
>
> > (1) engages in fighting or threatening, or in violent or tumultuous behavior;
> > (2) makes unreasonable noise;
> > (3) uses obscene language, or makes an obscene gesture; or
> > (4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.
>
> (b) Grading.--An offense under this section is a misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious inconvenience, or if he persists in disorderly conduct after reasonable warning or request to desist.  Otherwise disorderly conduct is a summary offense.
>
> (c) Definition.--As used in this section the word "public" means affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are highways, transport facilities, schools, prisons, apartment houses, places of business or amusement, any neighborhood, or any premises which are open to the public.

18 Pa.C.S. § 5503.

Commonwealth elicited the testimony of an investigating officer and a single eyewitness – a cashier at a gas station called the Alum Bank Pit Stop.

The cashier testified that on the pertinent date, she saw an altercation at one of the gas pumps between two men who had arrived together in a minivan (Allison and another individual). At one point, Allison started yelling at the other person and chasing him around a vehicle. When the other man jumped back into the minivan, Allison busted out most of its front windshield. The cashier could not hear what Allison was saying and she did not know what had started the argument. Her register was about 30 feet away from the incident.

The cashier called the police, who responded a few minutes later. An officer soon made contact with Allison and the other man at the scene. The officer noticed that Allison had some difficulty vocalizing words. An interpreter in American Sign Language arrived and was able to convey from Allison to the officer that the dispute had started over an engine problem with the minivan.

The trial court found that the witnesses had testified credibly to what they had seen transpire. Based on that testimony, the trial court determined that the shattering of the minivan's windshield constituted the "public annoyance" element of disorderly conduct. *See* Trial Transcript, 3/7/2019, at 41-42. As to intent, the trial court found that the evidence established a lack of a legitimate reason for Allison's behavior. *Id*. at 42-44.

After the trial court found that the offense had been proven beyond a reasonable doubt, Allison argued that jail time would be improper. The trial court nevertheless sentenced Allison to a jail term of 30 days, to be stayed pending the outcome of Allison's appeal. No fine was imposed. Allison filed a post-sentence motion in which he argued that the evidence of his guilt was insufficient, the verdict was against the weight of the evidence, and that the sentence was excessive. The post-sentence motion was denied. Allison timely filed his notice of appeal and both he and the trial court complied with Pa.R.A.P. 1925.

## II.

### A.

The trial court did not err in finding that the evidence of guilt was sufficient. "A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he . . . creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor." 18 Pa.C.S. § 5503(a)(4).

Here, it was undisputed that Allison chased another man in public before totally shattering the windshield of a vehicle. This created public annoyance or alarm, as an eyewitness attested. At the scene, an officer learned from an interpreter that Allison's outburst resulted from a dispute over a malfunction with the minivan they drove to the gas station. This supported the trial court's

finding that Allison had the requisite intent to commit the offense.[2]  Thus, the evidence was sufficient to support all elements of disorderly conduct.

**B.**

Allison's claim regarding the weight of the evidence also lacks merit. The test here is whether the trial court "abused its discretion by reaching a manifestly unreasonable judgment, misapplying the law, or basing its decision on partiality, prejudice, bias, or ill-will."  ***See Commonwealth v. Clay***, 64 A.3d 1049, 1056 (Pa. 2013).  "To successfully challenge the weight of the evidence, a defendant must prove the evidence is 'so tenuous, vague and uncertain that the verdict shocks the conscience of the court.'" ***Commonwealth v. Windslowe***, 158 A.3d 698, 712 (Pa. Super. 2017) (quoting ***Commonwealth v. Sullivan***, 820 A.2d 795, 806 (Pa. Super. 2003)).  This Court does not decide the underlying question of whether a verdict is against the weight of the evidence.  ***See Clay***, 64 A.3d at 1056.

---

[2] The standard of review as to a trial court's ruling on sufficiency is *de novo*, with all reasonable inferences from the facts viewed in the light most favorable to the verdict winner.  ***See Commonwealth v. Rushing***, 99 A.3d 416, 420 (Pa. 2014).  "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt."  ***Commonwealth v. Tukhi***, 149 A.3d 881, 886–87 (Pa. Super. 2016).  Reversal is only warranted when "the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances."  ***Id***.  The Commonwealth may carry its burden "by means of wholly circumstantial evidence."  ***Id***.

Essentially, Allison argues that none of the evidence against him was credible. *See* Appellant's Brief, at 18. He points out that the two witnesses who testified at the summary trial did not know what had precipitated the incident. *Id*. at 18-19. Yet, the finder of fact – here, the trial court – was "free to believe all, none or some of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Talbert*, 129 A.3d 536, 545 (Pa. Super. 2015). This Court cannot substitute its own judgment on credibility for that of the factfinder. *See Windslowe*, 158 A.3d at 712. As a result, we find no factual or legal basis to determine that the trial court erred in denying Allison's weight of evidence claim.

## C.

Allison also contends that his 30-day jail sentence was excessive. Since challenges to the discretionary aspects of a sentence are not reviewable as a matter of right, an appellant must establish a four-part test to invoke this Court's jurisdiction:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006) (some citations omitted).

A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1)

inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Sierra*, 752 A.2d 910, 912-13 (Pa. Super. 2000). A bald assertion of sentencing error does not raise a substantial question. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. *Id.* The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). If a substantial question has been raised, an appellate court must review whether the trial court abused its sentencing discretion. *See Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007).

Allison has satisfied the jurisdictional test for review of the discretionary aspects of the sentencing. His notice of appeal was timely, his claims were preserved, his brief conforms to appellate filing requirements, and he raises a substantial question.[3] However, on the merits, Allison's claim does not warrant relief.

---

[3] Allison acknowledges that his 30-day jail sentence was legal, but contends it was unreasonable because he does not pose a danger to the public and does not have a high level of rehabilitative needs. *See* Appellant's Brief, at 21-22. This was enough to raise a substantial question. *See generally Commonwealth v. Caldwell*, 117 A.3d 763 (Pa. Super. 2015) (finding that appellant raised a substantial question by claiming that the trial court "failed to consider his rehabilitative needs upon fashioning his sentence[.]").

At sentencing, the trial court specifically considered the fact that Allison had recently been convicted of several other offenses. The trial court noted the sanctions Allison received as to those crimes when deciding the appropriate penalty in the present case. The trial court also noted that the circumstances of the subject offense could have supported a more serious charge, carrying with it a harsher maximum penalty than the term Allison ultimately received.[4] Thus, because the trial court appropriately took in mind rehabilitative considerations and did not impose a sentence that is contrary to the fundamental norms underlying the sentencing process, the order on review must stand.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/2/2020

---

[4] Allison's sentence also fell well below the maximum term of 90 days for a summary offense. *See* 18 Pa.C.S. § 5550.