J-S15010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVELAND EDWARD ROBINSON, JR. | : | |
| | : | |
| | : | No. 977 WDA 2020 |
| Appellant | | |

Appeal from the Judgment of Sentence Entered January 22, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001537-2019

BEFORE:  LAZARUS, J., MURRAY, J. and COLINS, J.

MEMORANDUM BY LAZARUS, J.:               **FILED: JUNE 1, 2021**

Steveland Edward Robinson, Jr., appeals, *nunc pro tunc*, from the judgment of sentence, imposed in the Court of Common Pleas of Erie County, after he entered a plea of guilty but mentally ill to one count of criminal attempt—murder.[1]  Counsel has filed an **Anders**[2] brief and a petition to withdraw from her representation of Robinson.  Upon review, we grant counsel's petition to withdraw and affirm Robinson's judgment of sentence.

_____

[1] 18 Pa.C.S.A. § 901(a).

[2] **Anders v. California**, 386 U.S. 738 (1967).  **See also Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

On November 8, 2019, Robinson entered an open plea of guilty but mentally ill to attempted murder.[3]   On January 22, 2020, the trial court imposed a standard-range sentence of 10 to 20 years' imprisonment. Robinson did not file post-sentence motions or an appeal.   On motion of counsel, Robinson's appellate rights were reinstated, *nunc pro tunc*, on August 18, 2020.  Robinson filed a notice of appeal, *nunc pro tunc*, on September 15, 2020.   On October 13, 2020, counsel filed a statement of intent to file an ***Anders*** brief pursuant to Pa.R.A.P. 1925(c)(4).  Robinson raises the following claim for our review:  "Whether [Robinson's] sentence is manifestly excessive, clearly unreasonable[,] and inconsistent with the objectives of the Sentencing Code?"  Brief of Appellant, at 3.

Prior to reviewing Robinson's claim, we must determine if counsel has complied with the procedural requirements for withdrawal.   In order to withdraw pursuant to ***Anders***, counsel must:  (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support an appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief raising any additional points that the appellant deems worthy of review.  ***Commonwealth v. Hernandez***, 783

---

[3] On July 3, 2018, Robinson slit the throat of Whitnie Sullivan with a box cutter or knife at a Walgreen's in the City of Erie.  ***See*** N.T. Guilty Plea Hearing, 11/8/19, at 13-14.

A.2d 784, 786 (Pa. Super. 2001). In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), the Pennsylvania Supreme Court held that, in order to withdraw under *Anders*, counsel must also state her reasons for concluding her client's appeal is frivolous.

Instantly, counsel's petition states that she has made a conscientious examination of the record and determined the appeal is wholly frivolous. Counsel indicates that she supplied Robinson with a copy of the *Anders* brief and a letter explaining his right to proceed *pro se*, or with privately-retained counsel, and to raise any other issues he believes might have merit.[4] In the *Anders* brief, counsel sets out one issue of arguable merit and, pursuant to the dictates of *Santiago*, explains why she believes the appeal to be frivolous. Thus, counsel has substantially complied with the requirements for withdrawal. We now turn to our independent review of the record to determine whether Robinson's appeal is wholly frivolous.

Robinson alleges that his sentence is manifestly excessive, clearly unreasonable, and inconsistent with the objectives of the Sentencing Code. This claim is a challenge to the discretionary aspects of his sentence. Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Tukhi*, 149 A.3d 881, 888 (Pa. Super. 2016). Rather, an appellant challenging the discretionary

---

[4] Robinson has not filed a response to counsel's petition to withdraw or *Anders* brief.

aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test. ***Id.***

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted).

Here, Robinson has satisfied the first requirement by timely filing a notice of appeal, *nunc pro tunc*. To satisfy the second requirement regarding preservation, we point out that "[o]bjections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." ***Id.*** Robinson did not raise the issue at his sentencing hearing, nor did he file a motion to modify his sentence.[5] Therefore, he has waived this issue for failing to preserve it. An

---

[5] In July 2020, Robinson sent a letter to the Erie County Public Defender's Office stating that he had requested that his lawyer file post-sentence motions and an appeal, but counsel failed to do so. Accordingly, he requested that the office "assign a lawyer to me to do them *nunc pro tunc*[.]" Motion to Reinstate Appellate Rights *Nunc Pro Tunc*, 8/17/20, at Exhibit A. The motion subsequently filed by the Public Defender requested only the reinstatement of Robinson's direct appellate rights, *nunc pro tunc*. ***See id.*** (requesting "order reinstating appellate rights to the Superior Court). In response, the trial court issued an order reinstating Robinson's appellate rights, but not his post-sentence rights. ***See*** Trial Court Order, 8/18/20 (granting motion to reinstate
*(Footnote Continued Next Page)*

issue that is waived is frivolous.  **See Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa. Super. 2008) (when issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").  Accordingly, Robinson is entitled to no relief.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/1/2021

_____

and setting deadline for appeal to Superior Court).  The reinstatement of appellate rights, *nunc pro tunc*, does not automatically reinstate post-sentence motion rights.  **See, e.g.**, **Commonwealth v. Fransen**, 986 A.2d 154, 157-58 (Pa. Super. 2009).  To the extent Robinson believes that counsel provided ineffective assistance by failing to move for the reinstatement of his post-sentence rights, as he specifically requested, he may seek relief through the Post Conviction Relief Act.