J-S14013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN NICHOLAS VANDERPOOL | : | |
| | : | |
| Appellant | : | No. 1534 MDA 2020 |

Appeal from the Judgment of Sentence Entered November 23, 2020
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000344-2020

BEFORE: BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 13, 2021**

Steven Nicholas Vanderpool appeals from the judgment of sentence of five years and six months to fourteen years of incarceration, followed by three years of probation, imposed after he pled *nolo contendere* and guilty, respectively, to aggravated indecent assault and sexual abuse of children. Appellant's counsel, Richard A. Wilson, Esquire, has filed an application to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant counsel's application to withdraw.

We glean the following underlying facts from the certified record. Between December 2018 and April 2019, Appellant, a man in his twenties, repeatedly molested the fourteen-year-old daughter of his paramour in their Bradford County residence. In addition to routine grabbing of her breasts and

buttocks, he digitally penetrated her vagina on several occasions and once attempted penile penetration. Appellant also obtained sexually explicit images of her, which were ultimately found on his cell phone.

Appellant was charged with a number of crimes, from misdemeanors to the first-degree felony of attempted rape. Ultimately, following written and oral plea colloquies, Appellant agreed to enter open pleas to aggravated indecent assault and sexual abuse of children in exchange for the dismissal of the remaining charges. The trial court accepted the pleas and ordered a pre-sentence investigation ("PSI"), which revealed, inter alia, that Appellant had a lengthy criminal history, including a previous assault on a young girl. On November 23, 2020, the trial court imposed the above-referenced aggregate sentence, which consisted of consecutive standard-range sentences for the separate convictions.

Appellant filed no post-sentence motion, but filed a timely notice of appeal. The trial court ordered Appellant to file a concise statement of errors complained of on appeal, to which counsel timely responded with a statement of intention to file an **Anders** brief pursuant to Pa.R.A.P. 1925(c)(4).[1] The trial court authored an opinion explaining that the sentence should be affirmed because, *inter alia*, Appellant failed to preserve the issue for appeal by filing

---

[1] In addition to stating its intention to file an **Anders** brief, counsel indicated that Appellant believed his sentence was too harsh and that Appellant's mother had health issues.

a motion to reconsider his sentence prior to filing the appeal. **See** Trial Court Opinion, 1/5/21, at 2 n.1.

In this Court, Appellant's counsel filed both an **Anders** brief and a petition to withdraw as counsel. The following legal principles guide our review:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof . . . .
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted). Our Supreme Court has further expounded upon counsel's duties as follows:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of

- 3 -

record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, ***supra*** at 361.

Based upon our examination of counsel's petition to withdraw and ***Anders*** brief, we conclude that counsel has substantially complied with the technical requirements set forth above.[2] As required by ***Santiago***, counsel set forth the case history, referred to an issue that arguably supports the appeal, stated his conclusion that the appeal is frivolous, and cited case law which supports that conclusion. ***See Anders*** brief 4-13. Therefore, we now proceed "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" ***Commonwealth v. Flowers***, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting ***Santiago***, ***supra*** at 354 n.5).

The issue arguably supporting an appeal cited by Appellant's counsel is whether the trial court abused its discretion in sentencing Appellant. ***Anders*** brief at 4. In reviewing the question, we bear in mind the following:

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal

---

[2] Appellant did not file a response to counsel's petition.

defect [pursuant to] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Lucky***, 229 A.3d 657, 663–64 (Pa.Super. 2020) (cleaned up).

Here, Appellant timely filed a notice of appeal, but did not preserve the issue by raising it at the sentencing proceeding or filing a motion to modify sentence. Therefore, we agree with counsel that a challenge to the discretionary aspects of Appellant's sentence is frivolous. ***See Commonwealth v. Tukhi***, 149 A.3d 881, 888 (Pa.Super. 2016) ("Appellant did not raise the issue at his sentencing hearing, nor did he file a motion to modify the sentence imposed. Therefore, he has waived this issue for failing to preserve it. An issue that is waived is frivolous.").

Moreover, our "simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated[,]" has revealed no additional issues counsel failed to address.[3] ***Commonwealth v. Dempster***, 187 A.3d 266,

---

[3] We have conducted our review cognizant of the fact that "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." ***Commonwealth v. Eisenberg***, 98 A.3d 1268, 1275 (Pa. 2014). ***See also Commonwealth v. Norton***, 201 A.3d 112, 114 n.1 (Pa. 2019) ("[F]or purposes of a criminal case, a plea of *nolo contendere* is equivalent to a plea of guilty.").

272 (Pa.Super. 2018) (*en banc*). Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Application of Richard A. Wilson, Esquire, to withdraw as counsel is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/13/2021