**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH WAYNE BLACK, JR. | : | |
| | : | |
| Appellant | : | No. 284 MDA 2022 |

Appeal from the Judgment of Sentence Entered January 14, 2022
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0000891-2021

BEFORE:   BOWES, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: AUGUST 18, 2022**

Kenneth Wayne Black, Jr. appeals from the aggregate judgment of sentence of eighteen to sixty months of imprisonment imposed after he pled guilty to driving under the influence ("DUI")—controlled substance, possession of prohibited offensive weapons, and driving under suspension.  Appellant's counsel, Christian J. DeFilippo, Esquire, has filed an application to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant counsel's application to withdraw.

During his guilty plea colloquy, Appellant acknowledged that on July 3, 2021, he was driving a motor vehicle in Adams County and was stopped for

_____

[*]  Former Justice specially assigned to the Superior Court.

Vehicle Code violations. He admitted to the Pennsylvania State Police Trooper that his license was suspended and that he had used methamphetamine that morning. Subsequent safety searches produced a switchblade knife, brass knuckles, and methamphetamine. Chemical testing of Appellant's blood revealed the presence of methamphetamine, amphetamine, and a metabolite of cocaine. *See* N.T. Guilty Plea, 10/13/21, at 11-13.

Appellant was charged with a bevy of offenses. After selecting a jury, Appellant agreed to plead guilty to the above-referenced charges in exchange for the dismissal of the rest. The trial court accepted the plea after Appellant completed oral and written plea colloquies. Following a presentence investigation, Appellant was sentenced as detailed above. He filed no post-sentence motion. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

In this Court, Appellant's counsel filed both an *Anders* brief and a petition to withdraw as counsel. The following legal principles guide our review:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof. . . .
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted). Our Supreme Court further detailed counsel's duties as follows:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 361.

Our examination of counsel's petition to withdraw and **Anders** brief reveals that counsel has complied with the technical requirements set forth above. As required by **Santiago**, counsel set forth the case history, referred to an issue that arguably supports the appeal, stated his conclusion that the appeal is frivolous, and cited case law which supports that conclusion. **See Anders** brief at 5-10. Further, he supplied his brief to Appellant and advised him of his right to hire new counsel or proceed *pro se* in this Court.[1] Hence, we proceed "'to make a full examination of the proceedings and make an

_____

[1] Appellant did not file a response to counsel's petition.

- 3 -

independent judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting *Santiago*, *supra* at 354 n.5).

The issue of arguable merit identified by counsel is that Appellant "received ineffective assistance of counsel at the time he entered his plea and was [s]entenced." Appellant's brief at 4. Counsel asserts that Appellant believes that his counsel was ineffective in causing him to enter an unknowing and unintelligent guilty plea. However, as counsel observes, our Supreme Court has ruled that, "absent [specific circumstances not present here], claims of ineffective assistance of counsel are to be deferred to PCRA review; . . . such claims should not be reviewed upon direct appeal." *Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013). *See Anders* brief at 8-9. Accordingly, raising such a claim in this appeal would be frivolous. *See Commonwealth v. Tukhi*, 149 A.3d 881, 889 (Pa.Super. 2016) ("Appellant's ineffectiveness claims are frivolous as raised on direct appeal.").

Furthermore, our "simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated[,]" has revealed no additional issues counsel failed to address.[2] *Commonwealth v. Dempster*, 187 A.3d 266,

---

[2] We have conducted our review cognizant of the fact that "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has

*(Footnote Continued Next Page)*

272 (Pa.Super. 2018) (*en banc*).  Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Application of Christian J. DeFilippo, Esquire, to withdraw as counsel is granted.  Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/18/2022

---

been termed the 'legality' of the sentence imposed."  **Commonwealth v. Eisenberg**, 98 A.3d 1268, 1275 (Pa. 2014).  Since Appellant did not object during the plea colloquy or file a motion to withdraw his guilty plea in the trial court prior to filing this appeal, Appellant waived his right to challenge the validity of his plea herein.  **See Commonwealth v. Lincoln**, 72 A.3d 606, 609–10 (Pa.Super. 2013) ("A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing.").  Consequently, attempting to do so would be frivolous.  **See Commonwealth v. Tukhi**, 149 A.3d 881, 888 (Pa.Super. 2016) ("An issue that is waived is frivolous.").