J-S28024-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANTE ALAN BONNER | : | |
| | : | |
| Appellant | : | No. 328 WDA 2023 |

Appeal from the Judgment of Sentence Entered February 17, 2023
In the Court of Common Pleas of Forest County Criminal Division at
No(s):  CP-27-CR-0000008-2023

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED: SEPTEMBER 19, 2023**

Appellant, Dante Alan Bonner, appeals from the judgment of sentence entered on February 17, 2023.  In this direct appeal, Appellant's counsel filed a petition for leave to withdraw and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Moreover, after independently reviewing the record, we conclude that the appeal is wholly frivolous.  We, therefore, grant counsel's petition to withdraw and affirm the judgment of sentence.

_____

[*] Former Justice specially assigned to the Superior Court.

On February 17, 2023, Appellant pleaded guilty to assault by a prisoner and simple assault.[1, 2]  That same day, the trial court sentenced Appellant to

_____

[1] 18 Pa.C.S.A. §§ 2703(a)(1)(ii) and 2701, respectively.

[2] The affidavit of probable cause declared:

> [At 8:00 a.m. on September 1, 2022, Pennsylvania State Police] Marienville was contacted by [State Correctional Institute ("SCI")] Forest staff in reference to a staff assault which took place on [August 31, 2022.]  It was reported that Inmate [Appellant] stabbed [correctional officer ("C/O") Hess and C/O Stambaugh] with a makeshift weapon.
>
> [On September 13, 2022,] I spoke to C/O Stambaugh relative to this investigation.  C/O Stambaugh informed me that he was working on "A" block on the day in question.  He was supervising inmate [Appellant] who was in the middle of a virtual visit.  Inmate [Appellant] became irate when his virtual visit was terminated.  C/O Hess was in the vicinity and responded to their area.  Inmate [Appellant] then proceeded to strike C/O Hess in the head.  He then grabbed inmate [Appellant] and tried to restrain him.  C/O Stambaugh further advised that he was then struck in the face and head by inmate [Appellant].  After inmate [Appellant] was on the ground, he noticed that he ([Appellant]) was holding a weapon in his hand.  C/O Stambaugh related he then realized [Appellant] had struck him in the face and head with the weapon he was holding.  He related he was then able to gain control of the weapon.  Additional staff then showed up and [Appellant] was fully subdued.
>
> [C/O] Stambaugh further related that he sustained cuts to the top of his head and the side of his face near his right ear.  These wounds were caused [by] the weapon inmate [Appellant] had brandished.  He is unsure where or how inmate [Appellant] acquired the weapon.  He related he and C/O Hess were treated at medical and then transported to Clarion Hospital for treatment.  The wound by his right ear was cleaned and "glued" while the wound on [the] top of his head [was] cleaned and bandaged.

*(Footnote Continued Next Page)*

serve 57 to 114 months in prison for the assault by a prisoner conviction and to serve a consecutive term of 12 to 24 months in prison for the assault conviction. Further, the trial court ordered that Appellant serve his sentence consecutively to the sentence that Appellant was then serving.

Appellant did not file a post-sentence motion. However, Appellant filed a timely notice of appeal and, on appeal, Appellant's counsel filed a petition for leave to withdraw and an **Anders** brief.

Before reviewing the merits of this appeal, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. **Commonwealth v. Miller**, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under **Anders**, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel

_____

. . .

C/O Hess [] advised that [Appellant] [] unexpectedly struck him on the right side of his face and the left side of his face near his lip. The rest of the assault was "a blur" but he remembers getting struck several more times. He and C/O Stambaugh then forcibly took [Appellant] to the floor. After they were on the floor, C/O Stambaugh identified a weapon in [Appellant's] hand. The weapon was taken from [Appellant] who was then fully restrained.

. . . [C/O Hess] received nine [] stitches in the cut near his lip.

Affidavit of Probable Cause, 12/1/22, at 1-2 (some capitalization omitted).

has determined that the appeal would be frivolous." *Miller*, 715 A.2d at 1207.

Second, counsel must file an *Anders* brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Finally, counsel must furnish a copy of the *Anders* brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5; *see also* *Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the *Anders* procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel.  . . . [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party.  Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that

counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel complied with all of the above procedural obligations. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our analysis begins with the claim raised in the *Anders* brief: whether the trial court erred when it ran Appellant's sentence consecutively. *See* Appellant's Brief at 13.

Appellant's claim on appeal challenges the discretionary aspects of his sentence. Appellant's claim is waived, as Appellant did not raise the claim at sentencing or in a post-sentence motion. *See* Pa.R.Crim.P. 720; Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"); *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) ("issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived"). Further, since the claim on appeal is waived, the claim is frivolous under *Anders*. *Commonwealth v. Tukhi*, 149 A.3d 881, 888-889 (Pa. Super. 2016) (holding that, under *Anders*, "[a]n issue that is waived is frivolous"); *Commonwealth v. Kalichak*, 943 A.3d 285, 291 (Pa. Super.

- 5 -

2008) (holding: "this issue has been waived. Having been waived, pursuing this matter on direct appeal is frivolous").

We have independently considered the issue raised within Appellant's brief and we have determined that the claim is frivolous. In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is therefore wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2023